IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JEFFREY SCOTT CLEGG, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 5:13-cv-00381-AKK-TMP |
| | ) |
| DeWAYNE ESTES, *Warden,* et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

The magistrate judge filed his report and recommendation, doc. 31, in the above-styled cause on November 25, 2013, recommending that the § 2254 petition for writ of *habeas corpus* challenging the constitutional validity of petitioner's conviction be dismissed with prejudice. Jeffrey Scott Clegg, Sr. ("Petitioner") filed his objections, doc. 32, to the report and recommendation on November 30, 2013[1], followed by a motion to reconsider filed on the same day.[2] Having now

---

[1] Under the "prison mailbox rule," the objections are deemed filed on the day it was signed and delivered to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). Therefore, although Petitioner's objections to the report and recommendation and the Motion for Reconsideration were received by the court on December 3, 2013, the date of Petitioner's signature is the deemed filing date.

[2] Petitioner's Motion for Reconsideration (doc. 33) of the magistrate judge's report and recommendation is being read by this court as additional objections to the report and recommendation. Accordingly, for the reasons set forth herein, the Motion for Reconsideration (doc. 33) is due to be and hereby is DENIED.

carefully reviewed and considered *de novo* the objections to the report and recommendation, the report itself, and other materials in the court file relevant to the case, the court finds that the report is due to be **ADOPTED** and the recommendation **ACCEPTED**.

Petitioner objects to the magistrate judge's observation in the report and recommendation that Petitioner's claim (2) is procedurally barred. In claim (2), Petitioner argues that his plea agreement was void, and the trial court lacked jurisdiction to accept his plea agreement, because he was ordered to pay restitution for additional robbery counts which were nolle prossed. Petitioner argues that his argument in claim (2) is jurisdictional in nature, and therefore may be brought at any time, regardless of a procedural bar. The magistrate judge agreed with the Alabama Court of Criminal Appeals that the claim, although purported to be jurisdictional, is not a jurisdictional claim, and therefore, is subject to procedural default.

The magistrate judge considered the record and determined that this Court is barred from considering Petitioner's claim due to the procedural default. He wrote:

> The federal courts may not consider a claim set forth in a *habeas* petition when a petitioner has failed to follow the state's

procedural rules for raising the claim in the state courts. The Eleventh Circuit has stated:

> The federal courts' authority to review state court criminal convictions pursuant to writs of habeas corpus is severely restricted when a petitioner has failed to follow applicable state procedural rules in raising a claim, that is, where the claim is procedurally defaulted. Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, Harris v. Reed, 489 U.S. 255, 263 (1989), and that bar provides an adequate and independent state ground for denying relief. See id. at 262, 109 S. Ct. at 1042-43; Johnson v. Mississippi, 486 U.S. 578, 587, 108 S. Ct. 1981, 1987, 100 L. Ed. 2d 575 (1988). The doctrine serves to ensure petitioners will first seek relief in accordance with state procedures, see Presnell v. Kemp, 835 F.2d 1567, 1578-79 (11th Cir. 1988), cert. denied, 488 U.S. 1050, 109 S. Ct. 882, 102 L. Ed. 2d 1004 (1989), and to "lessen the injury to a State that results through reexamination of a state conviction on a ground that a State did not have the opportunity to address at a prior, appropriate time." McCleskey v. Zant, ___ U.S. ___, ___, 111 S. Ct. 1454, 1470, 113 L. Ed. 2d 517 (1991).

Johnson v. Singletary, 938 F.2d 1166, 1173 (11th Cir. 1991). Thus, if a claim previously has been presented to a state court in some form, a federal *habeas* court may refuse to hear that claim only if the last state court rendering the judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 103 L. Ed. 2d 308, 317 (1989).

> In this case, the Alabama Court of Criminal Appeals clearly and expressly noted that Petitioner procedurally defaulted these claims by failing to raise them on direct appeal. (Doc. 20-24, P. 3,6). Therefore, it is clear from the record that the last state court to review the claims set forth herein "clearly and expressly" stated that its judgment rested on a procedural bar, which was independent and adequate under state law. See Whiddon v. Dugger, 894 F.2d 1266 (11th Cir. 1990). Accordingly, [the claim is] due to be denied.

Doc. 31 at 9–10.

The court agrees with the magistrate judge. The recommendation that Petitioner's claim was procedurally barred was correct. Despite Petitioner's contention, a claim concerning the amount of restitution the petitioner was ordered to pay is not jurisdictional. See King v. State, 862 So.2d 675, 676 (Ala. Crim. App. 2003) (citing D.W.L. v. State, 821 So.2d 246 (Ala. Crim. App. 2001)(holding that issue of amount of restitution was not preserved for review where no objection was made in the trial court); and Strickland v. State, 771 So.2d 1123, 1125 (Ala. Crim. App. 1999) ("Claims that can be waived are not jurisdictional.")). Because Petitioner's claim is not jurisdictional and the last state court to review the claim clearly and expressly stated that its judgment rests on a state procedural bar, this court may not consider Petitioner's claim set forth in his *habeas* petition.[3]

---

[3] Even if Petitioner's claim was jurisdictional in nature and therefore not procedurally defaulted, this court could not grant Petitioner relief under claim (2) for jurisdictional reasons. In

Therefore, because the magistrate judge carefully and correctly addressed the issue raised by Petitioner, his objections to the report and recommendation are meritless and are hereby **OVERRULED**.  Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**.  Accordingly, the complaint is due to be dismissed with prejudice.  A Final Judgment will be entered.

The Clerk is **DIRECTED** to mail a copy of the foregoing to Petitioner.

DONE this 23rd day of December, 2013.

_____
 **ABDUL K. KALLON**
 UNITED STATES DISTRICT JUDGE

---

order for this court to exercise jurisdiction under 28 U.S.C. § 2254, the petitioner must meet the "in custody" requirement.  The requirement under § 2254 that the petitioner be "in custody" has been construed as a jurisdictional limitation on the power to grant relief.  <u>Duvallon v. Florida</u>, 691 F.2d 483 (11th Cir. 1982); <u>Stacey v. Warden, Apalachee Correctional Institution</u>, 854 F.2d 401 (11th Cir. 1988).  A fine only is not considered "custody" and does not support federal *habeas* jurisdiction.  <u>Duvallon</u>, 691 F.2d at 484.  Although an order to pay restitution is somewhat different from an order to pay a fine, this court is of the opinion that, as in <u>Duvallon</u>, the mere requirement to pay money cannot support federal *habeas* jurisdiction.